IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 12-00581 |
| | ) |
| THE SHOREBANK CORPORATION, et al., | ) (Substantively Consolidated) |
| | ) |
| Debtors.[1] | ) Chapter 11 |
| | ) |
| | ) Hon. A. Benjamin Goldgar |
| | ) |

**ORDER GRANTING FINAL DECREE**
~~CLOSING THE DEBTORS' CHAPTER 11 BANKRUPTCY CASES~~

Upon the motion (the "Motion") of the Liquidation Trust Administrator for the Liquidation Trust in the above-captioned cases of the chapter 11 debtors (collectively, the "Debtors") for a final decree and order closing the Chapter 11 Cases (defined below); and it appearing that the Debtors' estates have been fully administered and that all transfers of property and distributions required to be made by the Plan have been made; and the Liquidation Trust Administrator having submitted the Closing Report (as defined in the Motion); and the Court having considered the record of the proceedings in the Chapter 11 Cases; and good and sufficient notice of the relief requested in the Motion having been given; and it appearing that no other or further notice need be given; and after due consideration and good and sufficient cause appearing therefore, it is hereby

---

[1] The Debtors consist of: The ShoreBank Corporation (EIN: 36-2749995); ShoreBank Capital Corporation (EIN: 36-2954117); ShoreBank Development Corporation (EIN: 36-2950598); ShoreBank Pacific Corporation (EIN: 91-1837395); Shore Overseas Corporation (EIN: 36-4080746); ShoreCap Management, Ltd. (EIN: 61-1452284)]; ShoreBank Lands Corporation (EIN: [●]); ShoreBank New Markets Fund, Inc. (EIN: 41-2223726); SBK NMTC Fund I, LLC (EIN: 41-2223728); SBK NMTC Fund II, LLC (EIN: 41-2223731); SBK NMTC Fund III, LLC (EIN: 41-2223734); SBK NMTC Fund IV LLC (EIN: 41-2223735).

ORDERED THAT: The motion for final decree is granted.

1. ~~Pursuant to Section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1, the Debtors' cases, as listed on Exhibit 1 attached hereto (collectively, the "Chapter 11 Cases") are hereby closed.~~

2. The Clerk of the Court may close the case. ~~shall enter this final decree and order (the "Final Decree and Order") on the docket of the Chapter 11 Cases and such docket thereafter shall be marked as closed.~~

3. ~~The Final Decree and Order shall be served on all known parties in interest.~~

4. Within fourteen (14) days of the entry of this Order, the Liquidation Trust Administrator shall file with the Court and serve upon the Office of the Untied States Trustee a statement of disbursements made since the last payment of quarterly fees to the Office of the United States Trustee, and submit with such statement payment of any amount that would be due and owing to the Office of the United States Trustee under 28 U.S.C. § 1930 with respect to such disbursements.

5. The dissolution of the Debtors is hereby approved, and the Debtors shall all be deemed dissolved.

6. The termination of GCG's retention and the release of GCG from any further obligations in the Chapter 11 Cases is hereby approved. Specifically,

   (i) GCG will have no further obligations (arising out of the Retention Agreement or otherwise) to the Court, the Debtors, the Liquidation Trust Administrator, or their estates or creditors, or any party in interest with respect to the Chapter 11 Cases;

   (ii) Within thirty (30) days of entry of the Final Decree and Order, GCG is ~~directed to forward to the Clerk of the United States Bankruptcy Court for~~

2

the Northern District of Illinois (the "Clerk of the Court") a final claims register in both alphabetical and numerical order;

(iii) Within thirty (30) days of entry of the Final Decree and Order, GCG is directed to forward to the Clerk of Court all original proofs of claim;

(iv) Upon entry of the Final Decree and Order or as soon as practicable thereafter, GCG may reduce the interactive public case administration website to a static homepage with basic information about the Chapter 11 Cases, and in its discretion, GCG may opt to deactivate the website altogether;

(v) Upon entry of the Final Decree and Order or as soon as practicable thereafter, GCG shall deactivate the responses to the telephone number;

(vi) Upon entry of the Final Decree and Order or as soon as practicable thereafter, GCG shall close the post office box dedicated to receiving mail in the Chapter 11 Cases;

(vii) Should GCG receive any mail after entry of the Final Decree and Order, GCG will collect and forward such mail on a regular basis to the following address:

The ShoreBank Corporation Liquidation Trust Administrator,
333 Thornall St., 6th Floor
Edison, NJ 08837
(Attn: Clifford A. Zucker);

(viii) GCG shall be under no obligation to process claims or ballots received after entry of the Final Decree and Order;

(ix) Upon entry of the Final Decree and Order, GCG shall retain all original paper correspondence received in the Chapter 11 Cases (with the exception of the original proofs of claim, which are to be sent to the Clerk) for a period of ten (10) years following entry of the Final Decree and Order, after which GCG may destroy the paper correspondence;

(x) Upon entry of the Final Decree and Order, GCG shall retain all pertinent e-mails, facsimiles, and other electronic transmissions received by GCG in the Chapter 11 Cases for a period of one (1) year following entry of the Final Decree and Order, after which GCG, in its discretion, may delete such e-mails, facsimiles, and other electronic transmissions;

(xi) Upon entry of the Final Decree and Order, GCG may destroy (A) all excess copies of notices, pleadings, plan solicitation documents, customized envelopes, or any other printed materials, and (B) all undeliverable and/or returned mail not previously destroyed.

3

~~7. The Liquidation Trust shall remit to GCG payment of all outstanding fees and expenses within thirty (30) days of entry of this Final Decree and Order (subject to Court approval in the event of an unresolved dispute).~~

8. This Final Decree and Order is without prejudice to the rights of the Liquidation Trust Administrator or any other party in interest to seek to reopen the Chapter 11 Cases for good cause shown.

9. This Court shall retain jurisdiction (a) with respect to all matters arising from or related to the implementation or interpretation of this Final Decree and Order and (b) to enforce or interpret its own orders pertaining to the Chapter 11 Cases. Furthermore, this Court shall retain jurisdiction over any matter pending in the Chapter 11 Cases as of the date of entry of this Final Decree and Order.

10. Notwithstanding any stay that might be applicable to this Final Decree and Order, this Final Decree and Order shall be effective and enforceable immediately upon entry ~~hereof.~~

Dated: Chicago, Illinois
07 NOV 2012

_____
UNITED STATES BANKRUPTCY JUDGE
The Honorable A. Benjamin Goldgar